UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   **'O'**

| Case No. | 2:14-CV-06288-CAS(CWx) | Date | December 1, 2014 |
|---|---|---|---|
| Title | ABDUL M. KHAN, ET AL. V. JEH JOHNSON, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Sherri Kleeger | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Laura Weinstock | Anthony Bianco |

**Proceedings:**  DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT (ECF No. 10, filed October 24, 2014)

## I.  INTRODUCTION

In this immigration-related action, plaintiffs Abdul M. Khan, Rozina Khan, Mariam Khan, and Muhammad Laraib Khan seek an order compelling the government to adjudicate their I-485 applications for adjustment of citizenship status.  Plaintiffs filed the instant case on August 11, 2014 against defendants Jeh Johnson (Secretary of the Department of Homeland Security), Alejandro Mayorkas (Director of the United States Bureau of Citizenship and Immigration Services), and George S. Mihalko (Director of the Los Angeles Office of the United States Bureau of Citizenship and Immigration Services).  ECF No. 1 ("Compl.").  In brief, the complaint asserts that the government has unreasonably delayed its adjudication of plaintiffs' I-485 applications.  See generally Compl.  Plaintiffs allege violations of the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*, and 5 U.S.C. § 555(b).  Id. ¶¶ 23, 24.  Plaintiffs request a "writ in the nature of mandamus" ordering defendants to adjudicate their pending I-485 applications, as well as attorneys' fees.

On October 24, 2014, defendants moved to dismiss the case for lack of jurisdiction and failure to state a claim, and for summary judgment on the ground that the delay has, as a matter of law, not been unreasonable.  ECF No. 10.  Plaintiffs filed an opposition on November 10, 2014, ECF No. 12, and defendants replied on November 17, 2014, ECF No. 16.  On December 1, 2014, the Court held a hearing at which counsel for the parties appeared.  After considering the parties' arguments, the Court concludes that defendants' motion should be denied for the reasons that follow.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-CV-06288-CAS(CWx) | Date | December 1, 2014 |
| Title | ABDUL M. KHAN, ET AL. V. JEH JOHNSON, ET AL. | | |

## II. BACKGROUND

### A. Plaintiffs' Allegations

The following facts are alleged in plaintiffs' complaint and taken as true for purposes of the motion to dismiss. Plaintiff Abdul Khan is a native and citizen of Pakistan who entered the United States with a visitor visa on November 14, 2001. Compl. ¶ 2. Plaintiff Rozina Khan is Abdul Khan's wife, and plaintiffs Mariam and Muhammab Laraib Khan are the couple's children. Id. Abdul Khan was granted asylum by the Board of Immigration Appeals ("BIA") on October 27, 2005, and his wife and children were granted asylum as a result of the BIA's decision. Id.; see id. Ex. A (BIA Decision). On June 8, 2007, an attorney filed on plaintiffs' behalf an I-485 Application to Register Permanent Residence or Adjust Status. Id. ¶ 2.

In the seven-plus years since the I-485 application's filing, plaintiffs have made numerous inquiries regarding the status of their applications. Id. ¶ 11. On June 24, 2009, USCIS sent Abdul Khan a letter stating: "Your case is on hold because you appear to be inadmissible under [section] 212(a)(3)(B) of the [Immigration and Nationality Act], and USCIS currently has no authority not to apply the inadmissibility ground(s) to which you appear to be subject."[1] Id. Ex. D. The letter further explained: "Rather than denying your application based on inadmissibility, we are holding adjudication in abeyance while the Department of Homeland Security consider additional exercised [*sic*] of the Secretary of Homeland Security's discretionary authority. Such an exercise of the exemption authority might allow us to approve your case." Id. The parties agree that this determination of possible inadmissibility is based on Abdul Khan's affiliation with the Muttahida Quami Movement–Altaf Faction ("MQM-A"), which defendants consider a terrorist organization. Id. ¶ 14; see ECF No. 11-1 ("Canaan Decl.") ¶ 12. According to plaintiffs, however, Abdul Khan's "former activities for [MQM-A] were legal, democratic, and peaceful." Compl. ¶ 14. Plaintiffs allege that, through MQM-A, Abdul Khan "helped Indian émigrés find housing, electricity and employment with small businesses." Id. "At no time," plaintiffs aver, has Abdul Khan "supported, contributed, or provided material support to a terrorist organization," or received military training Id.

---

[1] This statute provides that among the classes of aliens who are "inadmissible" and "ineligible to receive visas" or "be admitted to the United States" are those who have participated in terrorist activities. 8 U.S.C. § 1182(a)(3)(B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-CV-06288-CAS(CWx) | Date | December 1, 2014 |
| Title | ABDUL M. KHAN, ET AL. V. JEH JOHNSON, ET AL. | | |

¶ 14, 17. Plaintiffs further contend that MQM-A has never "target[ed] U.S. interests or persons" and has not been "identified with Al-Qaida and the Taliban." Id. ¶ 17.

Plaintiffs state that they have lived peacefully in the United States for nearly thirteen years, and that defendants "have received all required documents necessary to move forward on" their applications. Id. ¶¶ 19, 20. Plaintiffs contend that, as a result of defendants' delay, they have been forced to repeatedly apply and pay for extensions of employment authorization and have been deprived of certain legal benefits of permanent residency. Id. ¶ 22.

> **B.     Defendants' Additional Undisputed Evidence**

The following additional facts are not in material dispute, and are mostly based on a declaration by Gareth R. Canaan ("Canaan"), a Section Chief for USCIS. According to Canaan, USCIS presumes based on Abdul Khan's mention of the MQM-A on his asylum claim and I-485 application that he continues to be a member of a terrorist organization. Def. Statement Undisputed Facts ("DSUF") ¶¶ 8, 9, 12. Abdul Khan admitted that he was still a member of the MQM-A after arriving in the United States, and that he had distributed propaganda and solicited funds on behalf of the MQM-A. Id. ¶¶ 10, 11.

The MQM-A traces its history to a student movement group called the Mohajir Quami Movement, and claims to represent Mohajirs—Urdu-speaking Muslims who originally fled to Pakistan from India following the 1947 partition of the two countries. Id. ¶¶ 13, 14. In 1992, what is now the MQM-A split off from the Mohajir Quami Movement Haqiqi. Id. ¶ 15. In 1996, other political groups in Pakistan reported that their members had been tortured and killed by the MQM-A. Id. ¶ 19. Additionally, Canaan avers that the group has called for strikes within Pakistan. Id. ¶ 20.

Pursuant to 8 C.F.R. § 209.2, when an alien applies for adjustment of status, USCIS conducts several types of security and background checks to ensure that the alien is eligible for lawful permanent resident status and that he or she is not a risk to national security or public safety. Id. ¶¶ 21, 22. Moreover, the Secretary of Homeland Security's discretionary exemption authority under 8 U.S.C. § 1182(d)(3)(B)(I) requires the vetting of so-called "Tier III" groups' background and actions, as well as a consideration of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:14-CV-06288-CAS(CWx) | Date | December 1, 2014 |
|---|---|---|---|
| Title | ABDUL M. KHAN, ET AL. V. JEH JOHNSON, ET AL. | | |

national security, humanitarian, and foreign policy concerns.[2]  Id. ¶ 27–29.  Between mid-2006 and June 2014, USCIS granted approximately 18,000 discretionary exemptions in cases involving terrorism-related inadmissibility grounds.  Id. ¶ 31.  To date, USCIS has not determined that either the MQM-A or plaintiffs qualify for an exemption.  Id. ¶¶ 32–34.[3]

      Beginning on March 26, 2008, the Deputy Director of USCIS issued a series of memoranda providing guidance regarding cases involving inadmissibility pursuant to § 1182(a)(3)(B) .  Id. ¶¶ 35, 36.  This guidance responded to the passage of the Consolidated Appropriations Act, Pub. L. 110-61, 121 Stat. 1844 (December 26, 2007) ("CAA").  Pursuant to the CAA, the Secretary of Homeland Security has expanded discretionary authority to exempt terrorism-related inadmissibility grounds as to individual aliens, and to exempt certain Tier III terrorist organizations entirely.  See 8 U.S.C. § 1182(d)(3)(B)(I).  The March 26, 2008 memorandum instructed adjudicators to withhold adjudication of cases that could potentially benefit from the Secretary's expanded discretionary authority under the CAA.  Id. ¶ 36.  Defendants aver that plaintiffs' applications have been placed on hold pursuant to this guidance.  Id. ¶ 37.  A November 28, 2011 memorandum instructed that applications be held for applicants who are inadmissible under § 1182(a)(3)(B) based on activity relating to any Tier III terrorist organization, as well as their spouses or children.  Id. ¶ 38.

---

      [2]Defendants contend that the "violent activities of the MQM-A meet the definition of an undesignated terrorist organization, commonly referred to as a Tier III organization."  Canaan Decl. ¶ 15.  A Tier III organization is one that has not been specifically designated as a terrorist organization by Congress under 8 U.S.C. § 1189 or by the Secretary of State through publication in the Federal Register, but has nevertheless engaged in certain terrorism-related activities.  See 8 U.S.C. § 1182(a)(3)(B)(vi).  Assuming for purposes of this motion only that the government's characterization of MQM-A as a Tier III organization is justified, that fact has no bearing on the Court's analysis of this motion.

      [3]The parties dispute certain details of the MQM-A's activities, whether the MQM-A is properly categorized as a Tier III terrorist organization, and whether Abdul Khan's affiliation with the MQM-A makes him currently inadmissible.  Compare DSUF ¶¶ 16–18, 24–26, 39, with Pl. Separate Statement Disputed Facts ¶¶ 16–18, 24–26, 49.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:14-CV-06288-CAS(CWx) | Date | December 1, 2014 |
|---|---|---|---|
| Title | ABDUL M. KHAN, ET AL. V. JEH JOHNSON, ET AL. | | |

### III. MOTION TO DISMISS

Defendants argue that the Court lacks subject matter jurisdiction over the complaint and that, even if Court does have jurisdiction, the complaint fails to state a claim upon which relief can be granted. For the reasons stated below, the Court disagrees with both contentions.

    **A.**     **Legal Standard**

        1.     Lack of Subject Matter Jurisdiction

A motion to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the objection that the court has no subject matter jurisdiction to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F.Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) ("In considering the plea for lack of jurisdiction, the formal allegations must yield to the substance of the claim."). A challenge to subject matter jurisdiction "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Therefore, when considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Colls. v. United States, 217 F.3d 770, 778–79 (9th Cir. 2000).

        2.     Failure to State a Claim

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under Rule 12(b)(6), a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:14-CV-06288-CAS(CWx) | Date | December 1, 2014 |
|---|---|---|---|
| Title | ABDUL M. KHAN, ET AL. V. JEH JOHNSON, ET AL. | | |

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

      In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

      Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:14-CV-06288-CAS(CWx) | Date | December 1, 2014 |
|---|---|---|---|
| Title | ABDUL M. KHAN, ET AL. V. JEH JOHNSON, ET AL. | | |

    **B.**     **Analysis**

        1.     Subject Matter Jurisdiction

    First, defendants argue that the complaint should be dismissed pursuant to Rule 12(b)(1) because "Congress has divested the courts of jurisdiction over immigration suits that concern decisions or actions that are committed to agency discretion." ECF No. 10, Memo. Supp. Mot. at 15. Specifically, defendants argue that the pace of adjudicating status adjustment applications is discretionary for purposes of a statutory jurisdiction bar. This statute provides: "no court shall have jurisdiction to review . . . any . . . decision or action of the Attorney General or the Secretary of Homeland Security for the authority which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title." 8 U.S.C. § 1252(a)(2)(B)(ii). The Ninth Circuit has cautioned "that the § 1252(a)(2)(B) jurisdiction bar is not to be expanded beyond its precise language." Kwai Fun Wong v. United States, 373 F.3d 952, 963 (9th Cir. 2004).

    Defendants assert that Hassan v. Chertoff, 593 F.3d 785 (9th Cir. 2010), compels a finding that the Court lacks subject matter jurisdiction. In that case, the Ninth Circuit upheld a district court's determination that, because of § 1252(a)(2)(B)(ii), the federal courts lacked jurisdiction to review the government's denial of the plaintiff's application for adjustment of status. Id. at 788–89. However, Hassan is distinguishable because here, unlike in that case, the government has not denied plaintiffs' applications. Rather, the government has delayed adjudication of those applications. See Beyene v. Napolitano, No. C 12–01149 WHA, 2012 WL 2911838, at *3 (N.D. Cal. July 13, 2012) (finding that, while the "ultimate decision to grant or deny an application for adjustment of status is unquestionably discretionary," the "pace of adjudicating an adjustment application" is not); Sultan v. Roark, No. 2:09-cv-02158-GEB-EFB, 2010 WL 1992195, at *4 (E.D. Cal. May 13, 2010) (rejecting an argument that Hassan precludes "judicial review of . . . the Government's delay in acting upon [plaintiff's] application").

    Indeed, many courts in the Ninth Circuit have determined, after Hassan, that federal courts have jurisdiction to review the government's failure to adjudicate a status adjustment application. See, e.g., Islam v. Heinauer, No. C 13–02316 RS, 2014 WL 985545, at *3 (N.D. Cal. Mar. 7, 2014) ("Islam II") (rejecting a similar Rule 12(b)(1) argument and citing a "trend" of like decisions by district courts within the Ninth Circuit); Beyene, 2012 WL 2911838, at *3 ("[T]he government has a statutorily

Case 2:14-cv-06288-CAS-CW   Document 17   Filed 12/01/14   Page 8 of 18   Page ID #:180

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL            'O'

| Case No. | 2:14-CV-06288-CAS(CWx) | Date | December 1, 2014 |
|---|---|---|---|
| Title | ABDUL M. KHAN, ET AL. V. JEH JOHNSON, ET AL. | | |

prescribed duty to adjudicate a pending application for adjustment of status within a reasonable period of time; the duty is not discretionary."); Mugomoke v. Curda, No. 2:10-cv-02166 KJM DAD, 2012 WL 113800, at *5 (E.D. Cal. Jan. 13, 2012) ("The court concludes that because the agency is required to make a decision on an I-485 application, inaction falls outside the scope of the agency's discretion and § 1252(a)(2)(B)(ii) does not bar jurisdiction."); Islam v. Heinauer, No. C 10–04222 JSW, 2011 WL 2066661, at *3 (N.D. Cal. May 25, 2011) ("Islam I") ("Section 1252(a)(2)(B)(ii) does not divest the Court of jurisdiction to consider [the plaintiff's] claims."); Hassane v. Holder, No C 10–314Z, 2010 WL 2425993, at *3 (W.D. Wash. June 11, 2010) (agreeing with the "overwhelming majority of district courts" that § 1252(a)(2)(B)(ii) does not bar similar claims of unreasonable delay).

Although other courts have disagreed,[4] the Court finds persuasive the reasoning of the majority of district courts within this circuit that "the government has a non-discretionary duty to adjudicate such a petition within a reasonable period of time," and that to "hold otherwise would be to sanction the perpetual delay of governmental obligations that are clearly mandated by law." Islam II, 2014 WL 985545, at *3 (internal citations and quotation marks omitted). Therefore, the Court concludes that § 1252(a)(2)(B)'s jurisdictional bar does not apply, and DENIES defendants' Rule 12(b)(1) motion to dismiss.

2.     Failure to State a Claim

"It is well established that a district court has subject-matter jurisdiction over any sufficiently stated claim for relief under the APA." Beyene, 2012 WL 2911838, at *4. Under the APA, a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. " 'Agency action' includes a failure of the agency to act and courts are empowered to 'compel agency action unlawfully withheld or unreasonably delayed.' " Abbasfar v. Chertoff, No. C 07–1155 PVT, 2007 WL 2409538,

---

[4] See, e.g., Beshir v. Holder, 10 F. Supp. 3d 165, 172–73 (D.D.C. 2014) (acknowledging a split among courts and concluding that the pace of adjudication was discretionary as to preclude review); Namarra v. Mayorkas, 924 F. Supp. 2d 1058, 1065-66 (D. Minn. 2013); Bayolo v. Swacina, No. 09–21202, 2009 WL 1307957, at *1 (S.D. Fla. May 11, 2009); Li v. Chertoff, 482 F. Supp. 2d 1172, 1177–78 (S.D. Cal. 2007).

Case 2:14-cv-06288-CAS-CW  Document 17  Filed 12/01/14  Page 9 of 18  Page ID #:181

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL        'O'

| Case No. | 2:14-CV-06288-CAS(CWx) | Date | December 1, 2014 |
|---|---|---|---|
| Title | ABDUL M. KHAN, ET AL. V. JEH JOHNSON, ET AL. | | |

at *2 (N.D. Cal. Aug. 21, 2007) (quoting 5 U.S.C. § 706(1)); see also 5 U.S.C. § 551(13) (defining "agency action" to include "failure to act"); id. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."). To invoke jurisdiction under the APA for a failure to act, "a petitioner must show that (1) an agency had a nondiscretionary duty to act and (2) the agency unreasonably delayed in acting on that duty." Beyene, 2012 WL 2911838, at *4 (citing Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 63–65 (2004)).

Plaintiffs allege that defendants have "unreasonably delayed the adjudicating of Plaintiffs' I-485 applications for an unreasonable length of time." Compl. ¶ 21. Courts have found a claim sufficiently pled under analogous circumstances. See, e.g., Houle v. Riding, No. CV-F-07-1266-LJO-GSA, 2008 WL 223670, at *7 (E.D. Cal. Jan. 28, 2008) (denying a Rule 12(b)(6) motion where plaintiffs alleged that USCIS unreasonably delayed in adjudicating an I-485 application). Defendants nevertheless submit that plaintiffs fail to state a claim for two reasons.

First, defendants argue that plaintiffs' claims concern agency action "committed to agency discretion by law," which is not subject to judicial review. ECF No. 10, Memo. Supp. Mot. at 16 (quoting 5 U.S.C. § 701(a)(2)). Specifically, defendants contend that because the decisions of whether an individual engaged in terrorist activity and whether to offer an exemption are committed to agency discretion, "there is no law to apply" and judicial review would be pointless. See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 410 (1971). This argument fails because as discussed above, plaintiffs are not challenging any discretionary determination as to the merits of plaintiffs' applications, but rather the pace of adjudication, which is subject to a non-discretionary reasonableness standard. See Wang v. Chertoff, No. CIV 07-077-TUC-GEE, 2007 WL 4200672, at *3 (D. Ariz. Nov. 27, 2007) ("The timing of the adjudication process is not a matter over which the USCIS has unfettered discretion. It has a duty to act within a reasonable time."). Simply put, "there is a difference between the [government]'s discretion over *how* to resolve an application and the [government's] discretion over *whether* it resolves an application." Singh v. Still, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2007) (finding that the government had a non-discretionary duty to act on the plaintiff's I-485 applications). Accordingly, the APA and related case law provide "law to apply" in determining whether defendants have failed to act within a reasonable time. See Houle, 2008 WL 223670, at *6 (determining that meaningful standards guide a court's determination of whether adjudication of an I-485 application was unreasonably

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-CV-06288-CAS(CWx) | Date | December 1, 2014 |
| Title | ABDUL M. KHAN, ET AL. V. JEH JOHNSON, ET AL. | | |

delayed); Chen v. Heinauer, No. C 07-103 RSL, 2007 WL 1468789, at *5 (W.D. Wash. May 18, 2007) (rejecting an argument that no "meaningful standard" existed against which to judge the pace of adjudication of an I-485 application). Indeed, "federal courts routinely assess the 'reasonableness' of the pace of agency action under the APA." Chen, 2007 WL 1468789, at *5.

  Defendants also argue that plaintiffs have failed to state a claim because the adjudicatory hold of which plaintiffs complain is itself a discretionary action that satisfies any duty defendants have to take administrative action. Defendants rely on Singh v. Napolitano, 710 F. Supp. 2d 123, 131–32 (D.D.C. 2010), in which the court determined that § 1252(a)(2)(B)(ii) barred it from exercising jurisdiction partly because an agency's decision to place an adjustment application on hold constituted "action" rather than "inaction." This determination, however, was based on the Singh court's reasoning that the government's discretion over status adjustment applications extends to the pace of adjudication. As indicated above, this Court finds more compelling the majority rule within the Ninth Circuit imposing on the government a mandatory duty to adjudicate an I-485 application within a reasonable period of time. Under this view, which this Court adopts, a claim can be stated under the APA for unreasonable delay in considering an application, because "a claim under § 706(1) can proceed . . . where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." Norton, 542 U.S. at 64 (emphasis in original). Consonant with this view, courts within this circuit have found that holding an I-485 application in abeyance constitutes "inaction" that "falls outside the scope of the agency's discretion," giving courts the power to review a failure to act under the APA. Mugomoke, 2012 WL 113800, at *5; see also Wang v. Chertoff, 676 F. Supp. 2d 1086, 1098 (D. Idaho 2009) (distinguishing claims based on "the pace of adjudication, which does not involve an affirmative decision," from those based on unreviewable discretionary actions); Houle, 2008 WL 223670, at *6 (denying a motion to dismiss where the plaintiffs sought "review of USCIS' alleged inaction, not review of a discretionary decision").

  Therefore, the Court finds that plaintiffs have stated a claim for failure to take required action under the APA, and DENIES defendants' motion to dismiss pursuant to Rule 12(b)(6). Accordingly, the Court considers defendants' alternative request for summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-CV-06288-CAS(CWx) | Date | December 1, 2014 |
| Title | ABDUL M. KHAN, ET AL. V. JEH JOHNSON, ET AL. | | |

## IV. MOTION FOR SUMMARY JUDGMENT

Defendants argue that, even if the Court finds that it has subject matter jurisdiction and declines to dismiss the complaint for failure to state a claim, defendants are entitled to summary judgment on the reasonableness of the delay in adjudicating plaintiffs' I-485 applications. For the reasons stated below, the Court finds that defendants have failed to show that they are entitled to judgment as a matter of law.[5]

### A. Legal Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 &

---

[5]This Court's order denying summary judgment decides only that defendants have not shown that, as a matter of law, the delay in processing plaintiffs' I-485 applications has been reasonable. The Court takes no position on plaintiffs' admissibility or other factors affecting the outcome of plaintiffs' I-485 applications.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-CV-06288-CAS(CWx) | Date | December 1, 2014 |
| Title | ABDUL M. KHAN, ET AL. V. JEH JOHNSON, ET AL. | | |

n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

 B. Analysis

 The Ninth Circuit has adopted a six-factor test for determining when an agency delay is unreasonable under 5 U.S.C. § 706(1). This test incorporates the "TRAC factors," which are named after the case in which they originated, Telecommunications Research & Action v. FCC (TRAC), 750 F.2d 70, 80 (D.C. Cir. 1984). The six factors to be "balance[d]" are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

Brower v. Evans, 257 F.3d 1058, 1068 (9th Cir. 2001) (brackets omitted) (quoting Independence Mining Co. v. Babbitt, 105 F.3d 502, 507 n.7 (9th Cir. 1997) (in turn quoting TRAC, 750 F.2d at 80)); see also Islam II, 2014 WL 985545, at *4–7 (applying

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:14-CV-06288-CAS(CWx) | Date | December 1, 2014 |
|---|---|---|---|
| Title | ABDUL M. KHAN, ET AL. V. JEH JOHNSON, ET AL. | | |

the TRAC factors to a claim that the government unreasonably delayed adjudication of an I-485 application).[6] The Court analyzes each of these factors in turn.

      1.    First Factor: Rule of Reason

      The first TRAC factor requires that the time an agency takes to make a decision be governed by a "rule of reason." Brower, 257 F.3d at 1068. In the context of a hold on I-485 applications due to terrorism-related inadmissibility, consideration of this factor includes a consideration of "the length of the delay." Islam II, 2014 WL 985545, at *5 (citing Qureshi v. Napolitano, No. C–11–05814, 2012 WL 2503828, at *4 (N.D. Cal. June 28, 2012)). Indeed, where a plaintiff raises the issue of "whether a delay in processing a I-485 adjustment application by an asylee who has previous involvement with a Tier III terrorist organization, and whose application was held up due to the possibility of a discretionary exemption, is unreasonable," the "length of delay is the dispositive fact in nearly all of the cases." Dosouqi v. Heinauer, No. C 12–3946 PJH, 2013 WL 664150, at *2 (N.D. Cal. Feb. 22, 2013). The Islam II court, surveying cases within the Ninth Circuit, observed that "courts have generally found delays of four years or less not to be unreasonable," but that "many courts applying the TRAC factors have declined to find that delays exceeding six years are reasonable." 2014 WL 985545, at *5 (citing cases); see also Qureshi, 2012 WL 2503828, at *4 (concluding that delays of four years or less have generally been found reasonable, and that delays of six years or more have been found unreasonable); Beyene, 2012 WL 2911838 (surveying cases and concluding that courts "have found delays approaching ten years to be unreasonable," but "have found delays of two, three, and four years to be reasonable"). Therefore, the delay of over seven years weighs in plaintiffs' favor.

---

    [6]Defendants appear to conflate Islam II and Islam I, and accuse plaintiffs of misstating the holding of Islam II. See ECF No. 16, Memo. at 8 n.4 ("Plaintiffs incorrectly argue that the Court in Islam 'ordered defendants to adjudicate Islam's form I-485 application' . . . . However, the court actually concluded that Defendants did not unreasonably delay . . . and granted Defendants' motion for summary judgment." (citing Islam I)). To the contrary, plaintiffs correctly state that the Islam II court ordered defendants "to adjudicate Islam's Form I-485 Application forthwith, but in no event later than thirty (30) days from the date of this order." 2014 WL 985545, at *7. Defendants' other reply arguments based on this same conflation are not well taken.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:14-CV-06288-CAS(CWx) | Date | December 1, 2014 |
| Title | ABDUL M. KHAN, ET AL. V. JEH JOHNSON, ET AL. | | |

  Courts evaluating the first TRAC factor in analogous scenarios have cautioned, however, that "length of delay alone is not dispositive." Mugomoke, 2012 WL 113800, at *4. Courts have also looked to the "source of the delay—*e.g.*, the complexity of the investigation as well as the extent to which the defendant participated in delaying the proceeding." Singh v. Still, 470 F.2d 1064, 1068 (N.D. Cal. 2007) (quoting Saleh v. Ridge, 3678 F. Supp. 2d 508, 512 (S.D.N.Y. 2005)). Here, defendants do not contest that plaintiffs have filed all of the necessary paperwork, and have not otherwise contributed to the delay, which is caused by the policy of holding such applications in abeyance pending a possible future exemption. Courts have also been less likely to favor the government on the first TRAC factor when the government has "fail[ed] to provide any indication of when" adjudication of the application might take place. Qureshi, 2012 WL 2503828, at *5; Islam II, 2014 WL 985545, at *6. Here, defendants have not given plaintiffs any indication that the hold on their applications is not indefinite.

  Defendants argue that the first TRAC factor nevertheless favors them because the delay is based on the enactment of the CAA and subsequent USCIS policy leading to a "nationwide hold of applications like plaintiffs," which defendants submit "inures to [plaintiffs'] benefit." ECF No. 10, Memo. at 20–21. Defendants also point out that the exemption process requires research by and consultation between various government agencies. The Court also notes that the exemption process has benefitted thousands of applicants since 2006. Still, courts considering these precise policy considerations have nonetheless concluded that "[a]lthough the government's time-consuming exemption process 'requires careful deliberation' and the 'coordination of numerous agencies,' there comes a point where the seemingly indefinite delay of an I-485 petition becomes untethered from any discernable 'rule of reason.'" Islam II, 2014 WL 985545, at *6 (quoting Qureshi, 2012 WL 2503828, at *5); see also Mugomoke, 2012 WL 113800, at *7 ("[F]or defendants to hold the application indefinitely in case they might, at some unspecified point in the future, consider an exemption does not constitute a 'rule of reason' that allows this court to find the delay reasonable.").

  In sum, although the Court is sensitive to the policies underlying the government's deliberative process, the length of delay, plaintiffs' lack of contribution to the delay, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:14-CV-06288-CAS(CWx) | Date | December 1, 2014 |
|---|---|---|---|
| Title | ABDUL M. KHAN, ET AL. V. JEH JOHNSON, ET AL. | | |

the government's failure to give any indication of when adjudication might be forthcoming tip the first factor in plaintiffs' favor.[7]

       2.     Second Factor: Statutory Timetable

"The presence of a statutory scheme—a congressionally-mandated timetable with which Congress expects the agency to proceed—may 'supply content' for the 'rule of reason' stated in factor one." Qureshi, 2012 WL 2503828, at *6 (quoting TRAC, 750 F.2d at 80). Defendants correctly state that there is no congressionally mandated timetable for adjudicating Form I-485 applications. They contrast this absence with other immigration laws that, for example, require the adjudication of naturalization applications within 120 days of examination. See 8 U.S.C. § 1447(b). Because of this lack of a mandatory timetable, some courts have found the second TRAC factor unhelpful in this context. See, e.g., Qureshi, 2012 WL 2503828, at *6 (concluding that "the second factor does not weigh strongly in favor of either party" because of the lack of a mandatory timetable); Ahrary v. Curda, No. 2:11-cv-02992-GEB-EFB, 2012 WL 1641411, at *4 (E.D. Cal. May 9, 2012) (finding the second factor "not relevant" because "there is no congressional timetable for I-485 adjudications).

Plaintiffs concede that there is no mandatory timetable, but point to a non-binding congressional policy statement that "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of an application." 8 U.S.C. § 1571(b). Several courts have found this "sense of Congress" highly relevant under the second factor. See, e.g., Islam II, 2014 WL 985545, at *6 ("While the language of § 1571(b) is not mandatory, it nonetheless suffices to tip the second TRAC factor in [plaintiffs'] favor."); Chen v. Heinauer, No. C 07-103 RSL, 2007 WL 2743390, at *3 (W.D. Wash. Sept. 17, 2007) (finding that the second factor weighed in an applicant's favor for the same reason); cf. Abbasfar v.

---

[7]At oral argument, defendants' counsel advanced as an additional point in favor of the reasonableness of the delay the fact that plaintiffs' applications require not only a determination of Abdul Khan's background, but also issues relating to the rest of Khan's family. Because Abdul Khan's children were minors at the time of the application, and because defendants' counsel conceded at oral argument that the family's admissibility issues are derivative of Abdul Khan's MQM-A issue, the Court finds no reason to reconsider its tentative ruling in light of this argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL     'O'

| Case No. | 2:14-CV-06288-CAS(CWx) | Date | December 1, 2014 |
|---|---|---|---|
| Title | ABDUL M. KHAN, ET AL. V. JEH JOHNSON, ET AL. | | |

Chertoff, No. C 07-1155 PVT, 2007 WL 2409538 (N.D. Cal. Aug. 21, 2007) ("8 U.S.C. § 1571 provides a meaningful standard for the pace of adjudication of adjustment of status applications."). Synthesizing these cases, the Court finds that this factor is of little consequence in this case, but slightly favors plaintiffs.

        3.       Third and Fifth Factors: Human Health and Welfare and the Interests Prejudiced by the Delay

      Courts presented with similar cases often analyze third and fifth factors together, as both parties do here. See, e.g., Islam II, 2014 WL 985545, at *6 ("The third and fifth factors overlap, requiring the court to consider whether human health and welfare are at stake, and the nature and extent of the interests prejudiced by the delay."). Clearly, this case involves human health and welfare, so that "delays that might be reasonable in the sphere of economic regulation are less tolerable." TRAC, 750 F.2d at 80. And plaintiffs' interests in pursuing permanent residence and citizenship, or at least a final determination on their application so as to end a stressful waiting period, are compelling. See ECF No. 14-1 (Khan Decl.) ("My family feels Americanized and we are thankful to have been given an opportunity to live in this great country, and wish to legalize our status and become full citizens.").

      Defendants nevertheless argue that these factors favor them because of their "interest in complying fully with the congressional mandates of the CAA and the resulting USCIS policy." ECF No. 10, Memo. Supp. Mot. at 22. Defendants also contend that "[b]ecause the alleged delay prevents an otherwise likely denial, Plaintiffs' other interests (*e.g.*, in possible eventual citizenship) are not in play." Id. But see Mugomoke, 2012 WL 113800, at *8 ("The court presumes [plaintiff] himself knows the potential consequences should his application be denied. The fact that he wishes to have the application adjudicated now . . . supports an inference that the harm of delay is not remote or insignificant."). Defendants point out that, during the pendency of their applications, plaintiffs have been eligible for employment and travel authorization. Defendants also cite national security interests due to Abdul Khan's admitted membership in MQM-A. But see Singh, 470 F. Supp. 2d at 1069 ("[M]ere invocation of national security is not enough to render agency delay reasonable per se.").

      The Islam II court, which also considered the case of an admitted MQM-A member, found "important interests at stake for both parties" and that, accordingly, "these factors do not weigh heavily in either party's favor." 2014 WL 985545, at *6; see also

Case 2:14-cv-06288-CAS-CW   Document 17   Filed 12/01/14   Page 17 of 18   Page ID #:189

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-CV-06288-CAS(CWx) | Date | December 1, 2014 |
| Title | ABDUL M. KHAN, ET AL. V. JEH JOHNSON, ET AL. | | |

Mugomoke, 2012 WL 113800, at *8 (finding unpersuasive many of the same government arguments and concluding that the government had not satisfied its burden on summary judgment as to the third and fifth factors). The Court concurs with this reasoning, and concludes that the third and fifth factors do not clearly favor either party.

    4.  Fourth Factor: Effect of Expediting Delayed Action

  "The fourth TRAC factor requires consideration of the effect of expediting application of [plaintiffs'] application on agency action of a higher or competing priority." Beyene, 2012 WL 2911838, at *8. Defendants argue that requiring them to expedite plaintiffs' applications would intrude on the discretion that Congress has granted, reasoning that the exercise of "discretionary exemption authority comprises part of the ultimate adjustment decision." ECF No. 10, Memo. Supp. Mot. at 24. But as discussed above, the Court is skeptical of defendants' linkage of *how* to adjudicate and *when* to adjudicate. Defendants also contend that expedition would terminate any consideration of a potential exemption that might benefit plaintiffs. In briefing and at oral argument, plaintiffs have countered that they are aware of the risk of an adverse adjudication, and would rather take their chances than endure further delay.

  Courts have varied in their consideration of this factor. In Islam I, the court determined that the fourth factor weighed in defendants' favor, but partially because defendants attested that additional guidance relating to the adjudication process for the plaintiff's type of case would be issued in the "near future." 2011 WL 2066661, at *7–8. Three years later, the Islam II court found that the fourth factor favored the same plaintiff because he sought "only that defendants, regardless of whether they ultimately invoke an exemption to his apparent inadmissibility, make a decision and process his application." 2014 WL 985545, at *7. See also Qureshi, 2012 WL 2503828, at *7 ("Because Plaintiff merely seeks a ruling on his Application (even if a denial), does not seek to force the USCIS to affirmatively provide him *with* an exemption, and does not otherwise seek to change the USCIS policy, this factor weighs in Plaintiff's favor." (emphasis in original)); Mugomoke, 2012 WL 113800, at *9 (rejecting an argument that ordering adjudication of an I-485 application would intrude on the government's discretion).

  Although the Court does not find persuasive defendants' specific arguments, the Court is sensitive to the fact that although plaintiffs only request adjudication of a single set of applications, each court order mandating adjudication of an application weakens a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-CV-06288-CAS(CWx) | Date | December 1, 2014 |
| Title | ABDUL M. KHAN, ET AL. V. JEH JOHNSON, ET AL. | | |

government policy of delaying adjudications pending the exemption process. Therefore, the Court finds that this factor does not clearly tip in either party's favor.

    5.    Sixth Factor: Bad Faith

Although plaintiffs contend that defendants' failure to conclude that Abdul Khan never engaged in terrorist activity shows that defendants "are acting in bad faith, or at the least demonstrating impropriety" through a flawed policy, the Court is not convinced, especially given that thousands of exemptions have been granted under current USCIS policy. This factor accordingly favors defendants. Still, a court "need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." Mugomoke, 2012 WL 113800, at *9 (quotation marks omitted) (quoting TRAC, 750 F.2d at 80).

    6.    Summary and Balancing

Here, the first TRAC factor, which courts deciding similar cases have found to be the most important, favors plaintiffs, as does the second factor. While several factors are neutral, the only factor that clearly favors defendants is the sixth. On balance, and in light of defendants' ability to establish only one factor weighing in its favor, the Court concludes that defendants are not entitled to judgment as a matter of law.[8]

## V.   CONCLUSION

In accordance with the foregoing, the Court DENIES defendants' motion for dismissal or summary judgment.

IT IS SO ORDERED.

|  | 00 | : | 23 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |

---

[8] Plaintiffs have not filed a motion for summary judgment. Accordingly, the Court decides only the motion before it, and does not consider whether plaintiffs might be entitled to judgment as a matter of law.