UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | No. 2:14-CV-06288-CAS (CWx) | Date | July 30, 2015 |
| Title | ABDUL M. KHAN, ET AL. v. JEH JOHNSON, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(In Chambers)** PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF ADMINISTRATIVE ACTION (Dkt. No. 29, filed June 26, 2015)

The Court finds this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the telephonic status conference scheduled for August 10, 2015, is vacated, and the matter is hereby taken under submission.

## I.  INTRODUCTION & BACKGROUND

This case was commenced when plaintiffs Abdul M. Khan, Rozina Khan, Mariam Khan, and Muhammad Laraib Khan filed their "Complaint for Writ in the Nature of Mandamus" against defendants Jeh Johnson (Director of the United States Bureau of Citizenship and Immigration Services ["USCIS"]) and George S. Mihalko (Director of the Los Angeles Office of USCIS). Dkt. No. 1 ("Compl."). Plaintiffs allege that Abdul, a citizen of Pakistan, was granted asylum by the Board of Immigration Appeals ("BIA") on October 27, 2005, and his wife and children were also granted asylum as a result of that decision. Compl. ¶ 2. On June 8, 2007, each plaintiff filed an I-485 Application to Register Permanent Residence or Adjust Status. Id. On June 24, 2009, USCIS sent Abdul a letter conveying that he appeared to be inadmissible under section 212(a)(3)(B) of the Immigration and Nationality Act ("INA") and that, rather than denying his application, USCIS was "holding adjudication in abeyance" while the Department of Homeland Security considered policies that might enable USCIS to approve Abdul's application in the future. See Compl. Ex. D. The parties agree that the ground for inadmissibility referenced in that letter was Abdul's affiliation with the Muttahida Quami Movement–Altaf Faction ("MQM-A"), which the government considers a terrorist

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | No. 2:14-CV-06288-CAS (CWx) | Date | July 30, 2015 |
|---|---|---|---|
| Title | ABDUL M. KHAN, ET AL. v. JEH JOHNSON, ET AL. | | |

organization. See Compl. ¶ 14; Dkt. No. 11-1 ¶ 12–15. Plaintiffs contend that Abdul's involvement with the MQM-A was legal and peaceful. Compl. ¶ 14.

By the time plaintiffs filed this action, their I-485 applications had been pending without decision for over seven years. Through their complaint, filed on August 11, 2014, plaintiffs sought an order "[r]equiring Defendants to adjudicate Plaintiffs' pending I-485 applications" and "[g]ranting such other relief at law and in equity as justice may require," as well as an award of attorneys' fees. Compl. at 10.

On October 24, 2014, defendants moved to dismiss this case for lack of jurisdiction and failure to state a claim, and for summary judgment on the ground that the delay in adjudicating plaintiffs' applications was, as a matter of law, reasonable. Dkt. No. 10. On December 1, 2014, the Court denied that motion. Dkt. No. 17. The Court first rejected the arguments that subject matter jurisdiction was lacking, and that there was no law to apply to a determination of whether the delay had been unreasonable. Id. at 7–10. The Court then applied the Ninth Circuit's six-factor test for determining whether agency delay is unreasonable under 5 U.S.C. § 706(1), and concluded that defendants were not entitled to summary judgment. Id. at 12–18. Because plaintiffs had not filed a cross-motion for summary judgment, the Court did not reach the issue of "whether plaintiffs might be entitled to judgment as a matter of law" on their claim that the government should be ordered to adjudicate the pending petitions. Id. at 18 n.8.

On April 17, 2015, the Court held a telephonic status conference. Dkt. No. 24. During this conference, the government represented that although the I-485 applications for every plaintiff but Abdul had been adjudicated in those plaintiffs' favor, the government would not adjudicate Abdul's petition unless ordered to do so by the Court.[1] See Dkt. No. 25 at 2. The Court, on its own motion, ordered the government to adjudicate the remaining petition within sixty days. Id. On April 28, 2015, USCIS issued plaintiff a "Notice of Intent to Deny" on the ground that plaintiff had engaged in terrorist activities by providing material support to the MQM-A when he distributed

---

[1] On April 21, 2015, counsel for plaintiffs filed a notice voluntarily dismissing all plaintiffs except for Abdul. Dkt. No. 26. The Court subsequently refers to Abdul Khan as "plaintiff."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | No. 2:14-CV-06288-CAS (CWx) | Date | July 30, 2015 |
|---|---|---|---|
| Title | ABDUL M. KHAN, ET AL. v. JEH JOHNSON, ET AL. | | |

posters and solicited funds and members for the group. See Dkt. No. 29 Ex. A at 3. Plaintiff submitted a written response to that notice on June 2, 2015. See id.

On June 16, 2015, defendants filed a "Notice of Administrative Action" indicating that USCIS "denied Khan's I-485 application on June 11, 2015." Dkt. No. 28 at 2. In a letter dated that same day, USCIS explained that the application had been denied because of plaintiff's association with the MQM-A. Dkt. No. 29 Ex. A at 2. The letter noted that plaintiff had stated on his asylum application that he "distributed leaflets, collected money and persuaded others to join" the MQM-A, and stated that violent activities of the MQM-A "qualify as terrorist activities and engaging terrorist activities" as defined in the INA, so that it the MQM-A "falls within the definition of an undesignated terrorist organization . . . at the time [plaintiff was] associated with it." Id. at 2–3. The letter rejected plaintiff's arguments that USCIS had not demonstrated that plaintiff was aware or should have been aware that he was providing material support to a terrorist organization, and that the Immigration Judge ("IJ") and BIA had never found that he knowingly supported a terrorist organization. Id. at 3. USCIS responded: "It is clear from the descriptions of the public displays of extreme violence perpetrated by the MQM that it would not be reasonable for you to have been unaware of the group's violent activities." Id. at 4. USCIS also stated that plaintiff's previous grant of asylum and the adjudication of his adjustment application "are separate decisions," and that the decision on the latter "is not bound by" the decision on the former. Id. The letter concluded by noting that there was "no existing exercise of the Secretary's discretionary exemption authority . . . that applies to the terrorist-related inadmissibility grounds at issue," and that the denial of plaintiff's application "may not be appealed," but that plaintiff could submit a motion to reopen or reconsider within thirty days. Id.

On June 26, 2015, plaintiff filed a response arguing that USCIS was collaterally estopped from denying his application based on the BIA's prior approval of his asylum petition, and that the denial lacks factual support. Dkt. No. 29. The government replied on July 23, 2015. Dkt. No. 34. This matter is presently before the Court.

## II. DISCUSSION

Plaintiff requests that USCIS's recent denial of his application be "set aside under 5 U.S.C. § 706." Dkt. No. 29 at 5. He makes the following arguments: (1) the denial letter does not establish that plaintiff was aware when he volunteered for the MQM-A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | No. 2:14-CV-06288-CAS (CWx) | Date | July 30, 2015 |
|---|---|---|---|
| Title | ABDUL M. KHAN, ET AL. v. JEH JOHNSON, ET AL. | | |

that it was a terrorist organization; and (2) when it granted him asylum, the BIA necessarily determined that plaintiff had not provided support to a terrorist organization, which determination is binding on USCIS's adjudication of his I-485 application through collateral estoppel.[2]  See id. at 2–5.  As to the latter argument, although plaintiff does not discuss in any detail the law applicable to his asylum decision or submit any record of the IJ or BIA proceedings, he does cite a case that may support his position.

In Amrollah v. Napolitano, 710 F.3d 568 (5th Cir. 2013), the petitioner fled Iran after being arrested several times by that country's government for activities related to providing support to a mujahadeen movement.  Id. at 570.  Amrollah entered the United States illegally and applied for asylum on the basis of his persecution in Iran.  Id.  In proceedings on his petition for asylum, Amrollah acknowledged his support of the mujahadeen movement; nonetheless, the IJ concluded that Amrollah not commit any violent acts, and found him eligible for asylum under 8 U.S.C. § 1158.  Id.  Amrollah later applied for permanent resident status and, when USCIS failed to act on his application for several years, filed a federal lawsuit seeking a writ of mandamus compelling the government to adjudicate it.  Id.  The government subsequently denied Amrollah's application without a hearing, finding that he had provided material support to a terrorist organization or a member thereof.  Id.

Amrollah then filed an amended complaint challenging the denial of his status adjustment application under the APA.  Id.  Although the district court granted summary judgment for the government, the Fifth Circuit reversed, entering summary judgment for Amrollah instead.  Id. at 573.  Applying principles of collateral estoppel to the IJ's decision granting plaintiff asylum, the circuit court reasoned that (1) an identical standard of admissibility governed both the asylum and permanent resident status petitions; (2) the issue of whether Amrollah's support for the mujahadeen movement made him ineligible as an alien who had supported a terrorist organization was actually litigated, as the

---

[2] "Collateral estoppel applies to a question, issue, or fact when four conditions are met: (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits."  Oyeniran v. Holder, 672 F.3d 800, 806 (9th Cir. 2012) (citing Montana v. United States, 440 U.S. 147, 153–54 (1979)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | No. 2:14-CV-06288-CAS (CWx) | Date | July 30, 2015 |
|---|---|---|---|
| Title | ABDUL M. KHAN, ET AL. v. JEH JOHNSON, ET AL. | | |

government extensively cross-examined Amrollah about it during his asylum hearing; and (3) that issue was necessary to the IJ's decision, because the IJ "was not permitted to grant asylum to Amrollah if he satisfied any of exceptions to admissibility under § 1182, including providing material support to any individual or organization that engaged in terrorist activities." Id. at 571–72 (emphasis in original). Although the factual record before this Court is too thin to decide the collateral estoppel issue, it appears that plaintiff may be similarly situated to the petitioner in Amrollah.

In its response, the government does not challenge the legal merits of plaintiff's collateral estoppel theory, but instead makes two procedural arguments. First, the government points out that plaintiff's complaint only seeks a writ of mandamus compelling the government to adjudicate plaintiff's status adjustment application, and does not claim that defendants are collaterally estopped from denying that application, or request to set aside any agency action as arbitrary and capricious. Relatedly, the government argues that because all plaintiffs' applications have been adjudicated, all relief sought in the complaint has been afforded, and the complaint is now moot. Accordingly, the government requests that this case be dismissed. In the event this Court does not dismiss the case, the government asks that the Court require plaintiff to move to file an amended complaint, and notes that the government does not consent to such an amendment. See Dkt. No. 34 at 5 n.3.

The Court concludes that the appropriate course is to dismiss this action without prejudice. The government is correct that the complaint does not plead grounds for the relief he currently seeks, and in any event, the factual record and briefing are at this point insufficient for the Court to evaluate the merits of plaintiff's collateral estoppel argument. But because this dismissal is without prejudice, plaintiff may seek leave to file an amended complaint. See Amrollah, 710 F.3d at 570 (noting the filing of an amended complaint under similar circumstances).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | No. 2:14-CV-06288-CAS (CWx) | Date | July 30, 2015 |
|---|---|---|---|
| Title | ABDUL M. KHAN, ET AL. v. JEH JOHNSON, ET AL. | | |

## III. CONCLUSION

In accordance with the foregoing, the Court **DISMISSES** this action without prejudice to the filing of a motion seeking leave to file an amended complaint.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |