UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 2:14-cv-06288-CAS(CWx) | Date | September 28, 2015 |
|---|---|---|---|
| Title | ABDUL M. KHAN V. JEH JOHNSON ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) - PLAINTIFF'S MOTION FOR LEAVE TO
FILE A FIRST AMENDED COMPLAINT

The Court finds this motion appropriate for decision without oral argument.  See
Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15.  Accordingly, the hearing date of
September 28, 2015, is vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION AND BACKGROUND

On August 11, 2014 plaintiff filed a complaint against Jeh Johnson (Secretary of
the Department of Homeland Security), Alejandro Mayorkas (Director of the United
States Bureau of Citizenship and Immigration Services ("USCIS")), and George S.
Mihalko (Director of the Los Angeles Office of the United States Bureau of Citizenship
and Immigration Services) (collectively, "defendants").  Compl.  In brief, the complaint
alleged that defendants unreasonably delayed in adjudicating plaintiff's I-485 application
for an adjustment of citizenship status, and sought a writ of mandamus directing the
government to adjudicate his application.  Id.  On April 17, 2014 the Court, on its own
motion, ordered the government to adjudicate plaintiff's application.  Dkt. 36.

On April 28, 2015 USCIS issued plaintiff a "Notice of Intent to Deny" with regard
to his application on the ground that plaintiff had provided material support to Muttahida
Quami Movement—Altaf Faction ("MQM-A"), a group which the government considers
a terrorist organization.  Dkt. 25, at 2.  On June 16, 2016 defendants filed a "Notice of
Administrative Action" indicating that USCIS had denied plaintiff's' I-485 application.
Dkt. 28, at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES - GENERAL | | | | 'O' |
|---|---|---|---|---|
| Case No. | 2:14-cv-06288-CAS(CWx) | | Date | September 28, 2015 |
| Title | ABDUL M. KHAN V. JEH JOHNSON ET AL. | | | |

On June 26, 2015 plaintiff requested that the Court set aside USCIS's denial of his application on the grounds that USCIS was collaterally estopped from denying his application and that the denial lacked factual support. Dkt. 29. In opposing plaintiff's request, defendants argued that the request should be denied because the complaint did not set forth a request to set aside a denial of his application; rather, the complaint only requested that the government adjudicate his application. Dkt. 34., at 2. Furthermore, the government argued that, because plaintiff's application had been adjudicated, plaintiff no longer had an outstanding cause of action. Id. Accordingly, the government requested that the Court dismiss plaintiff's case or, in the alternative, that it require plaintiff to move to file an amended complaint. Id. at 5.

On July 30, 2015 the Court issued an order dismissing plaintiff's complaint. Dkt. 36. The Court stated that defendants were "correct that the complaint does not plead grounds for the relief [plaintiff] currently seeks, and in any event, the factual record and briefing are at this point insufficient for the Court to evaluate the merits of plaintiff's collateral estoppel argument." Id. at 5. Nonetheless, the Court dismissed plaintiff's complaint without prejudice and noted that, because the dismissal was without prejudice, plaintiff could file a motion seeking leave to amend his complaint. Id. at 6. On August 26, 2015 plaintiff filed a motion seeking leave to file a first amended complaint. Dkt. 37. On August 31, 2015 defendants filed a notice of non-opposition to plaintiff's motion. Dkt. 38.

## II.    DISCUSSION

Federal Rule of Civil Procedure 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:14-cv-06288-CAS(CWx) | Date | September 28, 2015 |
|----------|------------------------|------|--------------------|
| Title | ABDUL M. KHAN V. JEH JOHNSON ET AL. | | |

Cir.2003)).  Some factors may be weighted more heavily than others; for example, "[s]ome courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991).

Particularly given that defendants do not oppose plaintiff's motion, the Court finds that permitting plaintiff to file a first amended complaint is appropriate in this case.  In its order of July 30, 2015, the Court expressly invited plaintiff to file the instant motion.  Dkt. 36.  Moreover, by amending his complaint, plaintiff may be able to cure the defects noted in the Court's prior order.  For example, in his new complaint plaintiff asserts that the denial of his application constituted a violation of the Administrative Procedures Act, and he requests a declaratory judgment that the denial of his application was erroneous.  Dkt. 37-2, at 8-9.  Therefore, the complaint now pleads grounds for the relief plaintiff seeks, i.e. setting aside the denial of his application.

Accordingly, the Court GRANTS plaintiff's request for leave to file a first amended complaint.  Plaintiff shall file his first amended complaint no later than October 29, 2015.

IT IS SO ORDERED.

00 : 00

Initials of Preparer          CMJ